IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE MAKINS,
        Plaintiff,
vs.                                    Case No. 8:20-cv-02769-T-24CPT

PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,

        Defendant.
_____/

**UNOPPOSED MOTION OF THE DEFENDANT, PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC. TO SET ASIDE THE CLERK'S DEFAULT PURSUANT TO RULE 55(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FOR LEAVE TO FILE OUT-OF-TIME-ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC., (Preferred) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and files this its motion to set aside the Clerk's Default (Doc. 7) entered on February 2, 2021, and for leave of court to file an out of time answer to the complaint of the Plaintiff (Doc. 1) and states as grounds as follows:

1. The Plaintiff, DARLENE MAKINS, ("Makins") on November 23, 2020 filed a three count complaint against the Defendant Preferred. Count I alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Count II alleged violation(s) of the Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)(iii) ("TCPA"), and Count III claimed violations of the Florida Consumer Collection Practices Act, Chapter 559 Florida Statutes (FCCPA).

2. Preferred was served on December 5, 2020 with a deadline to respond of 21 days after service.

3. Through inadvertence an answer was not timely filed and a default was entered on

February 2, 2021.  In fact prior to the lawsuit being filed Preferred provided substantial documentation related to Makin's account including dates of contact, and recordings of calls to counsel for Makins in an effort to amicably resolve the matter without the resort to litigation.

4. Preferred has defenses to the complaint as alleged and if allowed to answer the complaint will assert those defenses.  While Makins may be inconvenienced by the setting aside of the Clerk's default, and allowing Preferred to answer, she will not be prejudiced since Courts favor an adjudication on the merits rather than on a technicality.

I. *Memorandum of Law*

Courts generally view defaults with disfavor due to the strong policy of determining cases on their merits.  *In re Worldwide Web Sys, Inc.* 328 F. 3d 1291, 1295 (11th Cir. 2003).  A District Court may set aside a clerk's default for "good cause."  *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1201 (11th Cir. 1999).  Good cause is a mutable and liberal standard "not susecptible to a precise formula." *Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F. 3d 948, 951 (11th Cir. 1996).  Courts generally consider whether the default was culpable or willful.  *Id.*  at 952 *(citing Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F. 2d 190, 194-95 (6th Cir. 1986)).  Only if the Court determines the default was culpable and not wilful, does the Court need to consider other factors such as whether setting it aside would prejudice the adversary, and whether defaulting party presents a meritorious defense.   Also instructive may be "whether the defaulting party acted promptly to correct the default."  *Id.*  *See also Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n. 7 (11th Cir. 2014)(detailing factors instructive in the good cause analysis).  The "good cause" standard applicable to setting aside a default is less rigorous than the "excusable neglect" standard.  *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.,* 896 F. 2d 524, 528 (11th Cir. 1990).

II. *Conclusion*

For the foregoing reasons, Defendant, Preferred Collection and Management Services, Inc. Requests the Court set aside the clerk's default and allow an out-of-time answer to be filed.

III.   Middle District of Florida Local Rule 3.01(g) Certification

Prior to the filing of this motion with the Court the undersigned states that he has conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion, and that after conferring with opposing counsel she has indicated that the Plaintiff does not oppose the motion.

Dated: February 10, 2021.

By:   /s/ Robert A. Vigh
ROBERT A. VIGH
FBN: 0991902
Trial Counsel
SOLOMON, VIGH & SPRINGER, P.A.
P.O. BOX 3275
TAMPA, FL 33601-3275
(813) 229-0115
Rvigh@sgv-law.com (primary)
Robvigh@gmail.com (secondary)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2021, I electronically filed the foregoing document with the clerk of the court using CM/ECF, and that a Notice of Electronic Filing of the foregoing has been generated and is being served upon all counsel of record this date.

By:   */s/ Robert A. Vigh*
ROBERT A. VIGH
FBN: 0991902